(131 So. 722)

## CITY OF ALEXANDRIA v. HALL.

No. 30936.

Dec. 1, 1930.

Isaac Wahlder, of Alexandria, for appellant.

S. L. Richey, of Alexandria, for appellee.

LAND J.

Defendant was tried and convicted in the city court of the city of Alexandria, La., for the violation of section 4 of Ordinance 276 of that city, which requires barber shops to

be closed at 6:30 p. m., except on Saturdays and on days preceding the legal holidays named in said section.

The specific charge against defendant is that he did keep open his barber shop after 6:30 p. m. on July 30, 1930, which day was neither a Saturday nor a day preceding any of the legal holidays named in section 4 of the ordinance.

Defendant was sentenced to pay a fine of $15 and, in default of payment, to serve ten days in the city jail, subject to work on the public streets.

Defendant has appealed, and relies for the reversal of the sentence against him upon the unconstitutionality of the ordinance, which was attacked in the lower court both in motions to quash and in arrest of judgment. These motions were overruled by the trial judge, and bills of exceptions No. 1 and No. 3 were reserved by defendant.

These two bills will be considered together, as the motions to quash and in arrest of judgment both allege the unconstitutionality of section 4 of Ordinance 276 of the city of Alexandria, in that said section is in violation of section 2 of article 1 of the Constitution of 1921 of the State of Louisiana, and of the Fourteenth Amendment to the Constitution of the United States.

Defendant specifically avers, in the motions to quash and in arrest of judgment, that section 4 of the ordinance is class legislation, deprives defendant of his property and liberty without due process of law, and is an unwarranted and arbitrary interference with the constitutional right of defendant to carry on a lawful business.

Defendant's contentions are sustained by the following cases: Eden v. People, 161 Ill. 296, 43 N. E. 1108, 32 L. R. A. 659, 52 Am.

St. Rep. 365; Ex parte Jentzsch, 112 Cal. 468, 44 P. 803, 32 L. R. A. 664; State v. City of Laramie, 40 Wyo. 74, 275 P. 106; and Chaires v. City of Atlanta, 164 Ga. 755, 139 S. E. 559, 55 A. L. R. 230.

One case, Falco v. Atlantic City, 99 N. J. Law, 19, 122 A. 610, is relied upon by the city of Alexandria.

In Eden v. People, 161 Ill. 296, 43 N. E. 1108, 1109, 32 L. R. A. 659, 52 Am. St. Rep. 365, the court said, in declaring illegal a statute prohibiting barber shops from being kept open on Sunday:

"The act affects one class of laborers, and one class alone. The merchant and his clerks, the restaurant with its employees, the clothing house, the blacksmith, the livery stable, the street car lines, and the people engaged in every other branch of business, are each and all allowed to open their respective places of business on Sunday, and transact their ordinary business if they desire, but the barber, and he alone, is required to close his place of business. The barber is thus deprived of property without due process of law, in direct violation of the constitution of the United States and of this state. * * *

"Moreover, if the merchant, the grocer, the butcher, the druggist, and other trades and callings are allowed to open their places of business and carry on their respective avocations during seven days of the week, upon what principal can it be held that a person who may be engaged in the business of barbering may not do the same thing? Why should a discrimination be made against that calling, and that alone?"

In Ex parte Jentzsch, 112 Cal. 468, 44 P. 803, 32 L. R. A. 664, the statute declared unconstitutional read as follows: "Every person who as proprietor, manager, lessee, em-

ployee or agent keeps open or conducts, or causes to be kept open or conducted, any barber shop, bath house and barber shop, barber shop of a bathing establishment, or hair-dressing establishment, or any place for shaving or hair-dressing used and conducted in connection with any other place of business or resort, or who engages at work or labor as a barber in any such shop or establishment *on Sunday, or on a legal holiday, after the hour of twelve o'clock m. of said day*, is guilty of a misdemeanor."

The court said in part:

"How comes it that the legislative eye was so keen to discern the needs of the oppressed barber, and yet was blind to his toiling brethren in other vocations? Steam car and street car operatives toil through long and weary Sunday hours; so do mill and factory hands. There is no Sunday period of rest, and no protection for the overworked employees of our daily papers. Do these not need rest and protection? The bare suggestion of these considerations shows the injustice and inequality of this law. * * *

"A law is not only always general because it operates upon all within a class. There must be back of that a substantial reason why it is made to operate only upon a class, and not generally upon all. * * *

"But in a law such as this no reason has been or can be shown why the followers of one useful and unobjectionable employment should be debarred from the right to labor upon certain days, and others in like classes of employment be not so debarred. If it be constitutional to single out one such class, and debar its members from the right to labor on one day in the week, it would be constitutional to prohibit them from following their vocation upon 6 days of the week. When any one such class is singled out and put under

the criminal ban of a law such as this, the law not only is special, unjust, and unreasonable in its operation, but it works an invasion of individual liberty—the liberty of free labor, which it pretends to protect."

In Chaires et al. v. City of Atlanta, reported in 164 Ga. 755, 139 S. E. 559, the city of Atlanta passed an ordinance which provided that: "All barber shops in the city of Atlanta shall hereafter be closed *during the week days at 7 o'clock p. m., except on Saturdays, when they shall close at 9 o'clock p. m.*"

After holding the ordinance to be unreasonable, upon certain stated grounds, the court said: "And it is discriminatory, because it selects one particular lawful business that is in no wise noxious, and requires those operating this business to close at a very early hour, but leaves unregulated as to hours of closing various other businesses."

Section 1 of Ordinance 276 of the City of Alexandria, under which defendant was convicted, provides that, "The City Health Officer is hereby authorized and empowered *to inspect* all barber shops and beauty parlors and shops in the City of Alexandria and to enforce the rules and regulations hereinafter provided," and that, "All barber and beauty shops and parlors *shall be open for inspection any time during business hours* to the City Health Officer or his deputies or assistants."

Section 2 of the ordinance provides for *the sterilization* of all tools and instruments used in barber or beauty shops.

Section 3 of the ordinance provides that: "No barber shop shall be used *as a dormitory, and no person afflicted with any communicable disease* shall work or be employed in any such shop or be served therein. The Health Officer of the City of Alexandria shall have the power *to require a barber suspected by*

*him of having any communicable disease to submit himself for examination by a practicing physcian or the Health Officer*, such examination to be at the expense of the barber."

Section 4 of the ordinance provides that: "No barber shop, beauty shop or parlor shall be open for business *earlier* than 8 a. m. nor shall any such barber shop, beauty shop or parlor close *later* than 6:30 p. m., throughout the year, excepting Saturdays and days preceding legal holidays (the following days: New Year's Day, July 4th, Labor Day, Armistice Day, Thanksgiving Day, Christmas Day) when they shall close *not later than 9:00 p. m.* On the days named and on every Sunday the barber shops and beauty shops shall remain closed *all* day."

Section 5 of the ordinance imposes for its violation a fine not to exceed $25.00 or imprisonment not to exceed thirty days, or both, at the discretion of the court.

█ The city of Alexandria has attempted to maintain the constitutionality of the ordinance by the introduction of medical experts who have testified that the longer the hours of work are, the more run-down becomes the system of the barber, and the more susceptible is he to communicable diseases, and that thereby the public health may become endangered.

In our opinion, the public health is protected by the provisions of the ordinance itself requiring inspection of barber shops, sterilization of instruments, and examination of all barbers suspected of having communicable diseases.

Besides, the requirement in the ordinance that barber shops shall be closed at 6:30 p. m. throughout the year, with certain exceptions, is not really an appropriate measure for the protection of the public health, as the alleged necessity for the restriction in the ordinance bears no reasonable relation to public health, is not supported by anything of substance, but rests, in our opinion, upon mere conjecture.

As stated in State v. City of Laramie, 40 Wyo. 74, 275 P. 106, 107:

" 'To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. The Legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations.'

"The law must have a real or substantial relation to the public interest in the matter regulated. * * * And, while the courts repeatedly have said they should not decide as to the expediency of a measure, it has come to be settled by the high court whose decisions establish the rules limiting the exercise of the police power, that a court should and does determine whether, in its judgment, the law has a real or substantial relation to objects and purposes recognized as legitimate. * * * The claim that the restriction in the law bears a reasonable relation to a public interest must not rest on mere conjecture, but must be supported by something of substance. * * *

"Unless the closing regulation in question in the case at bar bears a real and substantial relation to the purpose of protecting the public from the spread of disease, it stands on

the same footing as any similar restriction on the right of a citizen to engage in a harmless and useful occupation."

A minority of 20 per cent. of the barbers in the city of Alexandria are opposed to the ordinance in question. The clear purpose of the ordinance is to make all barbers close their shops at the same time. No thought of the health of the community, in our opinion, was in the minds of the barbers or of the city council, when section 4 was written into the ordinance, closing all the barber shops during the week days at 6:30 p. m., except on Saturdays, when they must be closed at 9 o'clock p. m. Besides, adequate health provisions are taken care of in the uncontested provisions of the ordinance.

■ It is our conclusion, therefore, that section 4 of ordinance 276 of the city of Alexandria is not a reasonable exercise of the power of the city, under Act No. 136 of 1898, and amendments thereto, to regulate and control barber shops, and that this section is unconstitutional, null, and void as a whole. Its main purpose was to secure the uniform closing of all barber shops in the city of Alexandria, and we are satisfied that, without such provision in it, neither the barbers nor the city council would have written a section into the ordinance for the sole purpose of regulating the closing of barbers shops on legal holidays and Sundays.

■ It is well settled that a statute may be valid in part and invalid in part, and that the invalid part may be disregarded altogether and the other part constitute a valid statute, if the two parts are not so intimately connected as to raise the presumption that the Legislature would not have enacted the one without the other. State v. Cognevich, 124 La. 414, 50 So. 439; 26 A. & E. E. 595.

In the case of Falco v. Atlantic City, relied upon by the city of Alexandria, the statute plainly granted to the city the right to fix the hours of closing. In the case at bar, the city's power to fix closing hours does not arise from such a specific grant, and must exist, if at all, as an incident to the power to regulate.

As the Falco Case must be differentiated from the cases upon which defendant relies, we are not called upon in the instant case to determine if the right to inspect includes the right to restrict the operation of the business by fixing closing hours.

■ In bill of exception No. 3 defendant complains that the city of Alexandria was without right to introduce evidence on the trial of the motion to quash.

It is clear that the city had such right in order to show, if it could, the reasonableness of its ordinance in answer to the attack made upon its constitutionality by defendant.

It is ordered that the conviction and sentence appealed from be annulled and reversed, and that defendant be discharged and his bond cancelled.

O'NIELL, C. J., concurs in the decree.