## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Police power, Due process of law.   *Barber.*

A proposed statute merely regulating the hours of opening and closing of barber shops would violate both the due process clause of the Fourteenth Amendment to the Federal Constitution and that part of art. 10 of the Declaration of Rights of the Commonwealth protecting each individual in the enjoyment of his liberty and property.

On May 2, 1938, the House of Representatives adopted the following order:

WHEREAS, There is now pending before the House of Representatives a bill, House, No. 554, a copy of which is submitted herewith, by which it is provided that barber shops shall not be open earlier than eight A.M. nor remain open later than six P.M. during part of the year and 7 P.M. during another part of the year, except that on Saturdays and the evening before each legal holiday they may remain open until 9 P.M.; and

WHEREAS, The proponents of said legislation claim that its effect will be to protect the public health from tuberculosis, which they state is a disease frequently found in barber shops due to long hours and close confinement and will facilitate the inspection of barber shops, which is necessary to protect the public health against numerous communicable diseases, and will further protect the public against communicable diseases by conserving the energy of persons working therein and giving them a reasonable amount of time to attend to proper sanitation therein; and

WHEREAS, Said proponents further claim that said shops, when open in the evening, tend to shield and facilitate various forms of vice and crime, and that therefore said bill has a tendency to protect public morals; and

WHEREAS, The opponents of said bill claim that its sole effect will be to regulate the hours of labor of grown men,

in contravention of the provisions of the Federal and State Constitutions protecting personal liberty; and

WHEREAS, Grave doubt exists as to the constitutionality of said bill; accordingly be it

ORDERED, That the House of Representatives require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law:

1. If the General Court is of opinion that the contentions of the proponents of said bill, as above set forth, are correct, is it constitutionally competent for the General Court to regulate the hours of opening and closing barber shops, substantially as provided in said bill?

2. Would the regulation by law of the hours of opening and closing barber shops violate the provision of Section 1 of Article XIV of the amendments to the Constitution of the United States that no State shall deprive any person of liberty without due process of law?

3. Would such regulation of opening and closing hours of such shops violate the provision of Article X of Part the First of the Constitution of the Commonwealth that each individual of the society has a right to be protected by it in the enjoyment of his liberty?

On May 4, 1938, the order was transmitted to the Justices, who, on May 10, 1938, returned the following answers:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions proposed in an order adopted on the second day of May, 1938, a copy whereof is hereto annexed.

The questions relate to a pending bill which regulates the hours of opening and closing of barber shops by providing that they shall not be open earlier than eight o'clock in the forenoon, nor remain open later than six o'clock in the afternoon during part of the year and seven o'clock in the afternoon during another part of the year, except that

on Saturdays and the evening before each legal holiday they may remain open until nine o'clock.

The occupation of being a barber is an ancient and lawful business. Barber shops are not obnoxious, but are commonly regarded as indispensable under present conditions. They involve a considerable degree of personal attention to patrons. Their relation to the public is such as to render them amenable to legislative regulation to the end that those who frequent them for the service there rendered may be protected from communicable diseases, unhealthful practices, and unsanitary conditions, so far as practicable. The General Court has already taken cognizance of this necessity by enacting a considerable number of sections devoted to this subject. G. L. (Ter. Ed.) c. 112, §§ 87F–87S, as amended by St. 1934, c. 260, § 1, and various other amendments. The proposed bill does not apply to hairdressers as described in and regulated by St. 1935, c. 428, nor does it relate to beauty parlors and other places where women resort for cutting the hair and other treatment of the scalp and face. It has been held, since the acts performed on customers of barber shops and beauty shops are very similar in their nature, that such an omission renders unconstitutional a statute because of discrimination between persons belonging to the same class. *Ernesti* v. *Grand Island*, 125 Neb. 688. The proposed bill and questions relate solely to barber shops. The proposed bill does not in terms shorten the hours of labor of barbers. It does not purport to do that. It merely limits the hours during which barber shops may be kept open. By hiring more barbers, the hours of labor of the individual barber could even be shortened without violating the terms of the proposed bill. We are unable to perceive how the limitations of the proposed bill are founded upon any reasonable relation between the acts forbidden and the promotion of the public health or the public morals. Barber shops may be subjected to regulations for protection of the public health and morals. The proposed bill contains no rules designed to promote cleanliness, or to insure sanitation of barber shops. Provision to accomplish such ends is found in the

power to promulgate reasonable regulations by the board of registration of barbers, in the statutes already referred to and in the right of inspection of barber shops.   See G. L. (Ter. Ed.) c. 112, § 87K, as amended by St. 1936, c. 314, § 3.   Shortening the hours during which barber shops may be kept open would not facilitate the inspection of barber shops.  There is ample opportunity for inspection of barber shops without closing them.   The suggestion that the proposed statute would "further protect the public against communicable diseases by conserving the energy of persons working therein and giving them a reasonable amount of time to attend to proper sanitation therein," seems almost fanciful.   The energy thus to be conserved is not obvious, nor is the protection of the public from communicable diseases.   Touching regulations similar to those embodied in the proposed bill, it was said in *State* v. *Johannes*, 194 Minn. 10, 21: "Insofar as such ordinances may provide reasonable sanitary standards, regulation, and inspection, the public interest is involved and is vitally affected.   There it stops, and private rights need yield no further.   The public interest is not further involved.   We hold that the ordinance before us, insofar as it fixes the hours when barbershops may be open for business, is invalid as in violation of the due process clauses of our own and the federal constitution.   That feature of the ordinance bears no legitimate or reasonable relation to the public health or general welfare."   In *Wyeth* v. *Cambridge Board of Health,* 200 Mass. 474, 478, occurs this language: "The right to enjoy life, liberty and the pursuit of happiness is secured to every one under the Constitution of Massachusetts.   This includes the right to pursue any proper vocation to obtain a livelihood.   Substantially the same right is secured also by the Constitution of the United States, which does not permit a State to deprive any person of life, liberty or property without due process of law.   The nature of this right has been stated and illustrated in many cases."

There are many barber shops in the Commonwealth operated by the proprietor without help.   It might well be a great hardship for such barber not to conform to the needs

of his customers as to the hours of keeping his shop open. It might interfere to a great extent with his business and his income to comply with the hours prescribed by the proposed bill. The hours of labor of the general public in certain parts of the Commonwealth may also be such as to render it unreasonable to require the barbers to adhere to the stated hours. It is difficult to see how the reasons suggested in support of the bill, such as protection from tuberculosis and other communicable diseases, and promotion of public morals, are compatible with § 2 of the proposed act allowing cities and towns which accept the act to vary the hours without any limitation other than the total number of hours.

The precise points involved in these questions have arisen in other jurisdictions. The great weight of authority, in both soundness of reasoning and number of decisions, holds that legislation of this nature violates the provisions of State and Federal Constitutions. *Ganley* v. *Claeys*, 2 Cal. (2d), 266. *In re Scaranino*, 7 Cal. (2d), 309. *Denver* v. *Schmid*, 98 Colo. 32. *Chaires* v. *Atlanta*, 164 Ga. 755. *Alexandria* v. *Hall*, 171 La. 595. *Eanes* v. *Detroit*, 279 Mich. 531. *State* v. *Johannes*, 194 Minn. 10. *Knight* v. *Johns*, 161 Miss. 519. *Patton* v. *Bellingham*, 179 Wash. 566. *State* v. *Laramie*, 40 Wyo. 74. *McDermott* v. *Seattle*, 4 Fed. Sup. 855. *Ernesti* v. *Grand Island*, 125 Neb. 688. In a few cases a contrary view has been reached. *Feldman* v. *Cincinnati*, 20 Fed. Sup. 531. *Falco* v. *Atlantic City*, 99 N. J. L. 19. *Wilson* v. *Zanesville*, 130 Ohio St. 286.

In this Commonwealth no decision covers the exact points of law here raised. In principle, we think *Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474, in the point decided and in the reasoning adopted, requires the conclusion that the proposed bill would be unconstitutional. It was there held that an undertaker could not lawfully be required to be licensed as an embalmer. See also *Opinion of the Justices*, 208 Mass. 619; *Commonwealth* v. *Boston & Maine Railroad*, 222 Mass. 206.

Effect of the proposed bill would be to allocate unreasonably the hours of labor during the working day of the owner

of a barber shop who works at his trade and of his employees under contract of employment. The proposed bill violates fundamental constitutional guarantees as depriving persons of liberty and property without due process of law and as denying persons the protection of liberty and property according to standing laws. It imposes limitations that are unconstitutional.

The first question is answered "No" and the second and third questions are answered "Yes."

> ARTHUR P. RUGG.
> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> LOUIS S. COX.