Nicholas Amitrano *vs.* Philip Barbaro.

JULY 30, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Baker, J.   This is a private criminal complaint in which certain constitutional questions were raised by the defend-

ant in the district court of the sixth judicial district, which court thereupon certified the case to this court under the provisions of general laws 1923, chapter 348, section 1 in order to have such questions determined.

The complaint charges, in substance, that the defendant, on the 16th day of February 1938, did wilfully practice the occupation of a barber after the hour of seven o'clock in the afternoon on Wednesday, being a day other than Saturday, Sunday or the night before a legal holiday, or a legal holiday, contrary to the form of the statute and to the rules promulgated by the director of public health pursuant thereto.

Two questions were certified by the said district court. The first is as follows: "I. Are the provisions or any of the provisions of chapter 156, section 12 of the general laws of 1923, as amended by public laws 1934, chapter 2110, section 9 thereof; and further amended by public laws 1935, chapter 2222, section 2; and further amended by public laws 1935, chapter 2188, section 1 and 7; and further amended by public laws 1935, chapter 2250, section 110 and 113, and the rules and regulations for the governing of Barber Shops and Barber Schools in the State of Rhode Island, adopted by the State Department of Public Health, pursuant thereto, or any of said provisions unconstitutional and void, in that they are in conflict with Article 1, section 10 of the Constitution of Rhode Island, 'nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land' and in violation of the rights of the defendant as derived from said constitutional provision in accordance with his motion to dismiss said complaint?" The second question is in form similar to the first, except that it raises the issue as to whether or not said statutes and rules are unconstitutional and void in that they are in conflict with article XIV, section 1 of the amendments to the constitution of the United States, namely, ". . . nor shall any state deprive any person of life, liberty, or property, without

due process of law, nor deny to any person within its juris-
diction the equal protection of the laws."

General laws 1923, chap. 156, sec. 12, as amended by P. L.
1934, chap. 2110, sec. 9, and further amended by P. L. 1935,
chap. 2222, sec. 2, reads as follows: "Sec. 12. No barber shop
shall be open for business on the thirtieth day of May (as
Memorial Day), the fourth day of July (as Independence
Day), the first Monday of September (as Labor Day), the
twenty-fifth day of December (as Christmas Day), and each
of said days in every year, or when either of the said days
falls on the first day of the week then the day following it,
the first day of every week (commonly called Sunday), and
such other day as the governor shall appoint as a day of
Thanksgiving, and said board shall have power, after investi-
gation and hearing, to make rules, regulations and orders pre-
scribing the hours for the opening and closing of barber shops
or schools in this state on days other than Sundays and said
Memorial Day, Independence Day, Labor Day, Thanksgiv-
ing Day and Christmas Day." The board referred to in the
above section is the board of examiners for barbers.

Public laws 1935, chap. 2188, which was the reorganiza-
tion act, by its first section vested all the powers and duties
then in the several state boards, in certain departments
which were divided into divisions, the eleventh department
being that of public health, the second division of which in-
cluded the inspection of barber shops. By the seventh sec-
tion of this last-named act all said powers and duties were,
after its passage, to be exercised by the several directors of
the several specified departments and divisions.

Public laws 1935, chap. 2250, known as the "Administra-
tive Code Act", by sec. 110 provided that the director of
public health should enforce the provisions of certain chap-
ters of general laws 1923 as amended, one of said chapters
being 156. By sec. 113 of said chapter 2250, it was provided
that the division of inspection of the department of public
health should have at least two registered barbers to inspect

barber shops as to sanitation, and also to enforce the rules and regulations as prescribed under general laws 1923, chap. 156, sec. 12 as amended.

In pursuance of the power and authority given under the various acts hereinbefore referred to, the director of public health promulgated certain rules for the regulation of barber shops and barber schools. The alleged violation of one of such rules is the basis of the complaint in the instant case. This rule is in the following language: "28. Working hours: Monday to Friday 8:00 A. M. to 7 P. M. Saturdays or night before holidays 8:00 A. M. to 9 P. M. Curtains must be raised providing a clear view of the interior."

It may appear that the above rule is intended to limit the hours of labor per day of barbers, but it is clear, upon examination and consideration, that the real purpose and effect of the rule is to fix the hours of opening and closing of barber shops, and we have in this case interpreted and construed said rule as one intended to accomplish the latter purpose solely, particularly in view of the fact that such rule was made under the authority conferred by the provisions of sec. 12, *supra,* as amended and as above set out. Also, the questions raised herein have been briefed and argued by the parties on that theory. In this proceeding, therefore, we are not passing upon the validity of any statute or rule which, as such, clearly and definitely limits hours of labor or, in that sense, working hours for barbers. Further, no matters relating to registration, licensing, inspection or sanitation in connection with the barbering business are before us in the instant case.

The questions presented to us herein bring in issue the constitutionality of a portion of general laws 1923, chapter 156, sec. 12 as amended, and a portion of said rule 28 made thereunder. In performing our duty in this connection we have in mind the established principle often stated by this court that one questioning the constitutionality of a statute has the burden of proving such unconstitutionality beyond

a reasonable doubt, and that this court will make every reasonable intendment in favor of the constitutionality of an act of the legislature. *Prata Undertaking Co.* v. *Board of Embalming,* 55 R. I. 454 and cases cited. Further, it is well settled that questions relating to the necessity, wisdom and expediency of a statute are for the legislature alone to determine, and not for the court. *Prata Undertaking Co.* v. *Board of Embalming, supra; Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291.

Thus, in passing upon the constitutionality of the portion of the statute before us and the rule made under the authority of that statute, the power of the legislature is the question in issue. The authority of that branch of the government to act through the statute and rule involved in the instant case must, of course, be found in the police power. The complainant contends that the statute and rule constitute a valid and proper exercise of such power by the legislature. The defendant takes the contrary view.

It is recognized that the term "police power" is not easily defined and that it is broad and flexible in its scope. Its application may change from time to time to meet new conditions arising in business, society and government. The power, however, is not limitless, but must be exercised in such a way as to bear a real and substantial relation to public health, safety, morals or general welfare, in connection with the subject being dealt with. "To justify the state in thus interposing its authority in behalf of the public, it must appear—First, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." *Lawton* v. *Steele,* 152 U. S. 133 at page 137.

Barbering, as such, is a legitimate and necessary business, and is primarily of a private character. However, in view of the fact that the general public come in physical contact

with and require the personal services of those engaged in that business, it is well settled that it is one of the types of business which can and should be regulated, particularly for the protection of the public health. Such regulation commonly takes the form of the registration or licensing of barbers, and the enforcing of rules in connection with sanitation to insure cleanliness of the barber and of his shop, and to prevent the spread of disease. Statutes dealing with such and kindred matters have long been recognized as coming within the proper exercise of the state's police power, as touching public health. This court has approved and held constitutional statutes of this nature. *State* v. *Armeno,* 29 R. I. 431; *State* v. *Conragen,* 54 R. I. 256. It should be noted, however, that when these cases were decided the law relating to barbers contained no such provision concerning the fixing of the hours for the opening and closing of barber shops as now appears in sec. 12, *supra,* as amended.

The question, therefore, is presented as to whether or not it can reasonably be held that the provision of the statute just mentioned and the rule promulgated thereunder, with reference to the time of the opening and closing of barber shops, have any legitimate or substantial relation to public health, safety, morals or general welfare. Such a relationship must appear in order to make the statute valid as a proper exercise of the police power. Questions substantially similar to those now before us have been presented to and decided by the courts of last resort in several states. By the great weight of authority it has been held that statutes and ordinances of a like nature to the portion of the statute involved herein are void, as being contrary to section 1 of the fourteenth amendment to the federal constitution and contrary to provisions generally similar to our own in the respective state constitutions, or as being an unreasonable exercise of the police power. In the following cases such was the holding: *Ganley* v. *Claeys,* 2 Cal. (2d) 266; *In re Scaranino,* 7 Cal. (2d) 309; *Denver* v. *Schmid,* 98 Colo. 32;

*Chaires* v. *Atlanta,* 164 Ga. 755; *Alexandria* v. *Hall,* 171 La. 595; *In re Opinions of the Justices,* 14 N. E. (2d) (Mass.) 953; *Eanes* v. *Detroit,* 279 Mich. 531; *State* v. *Johannes,* 194 Minn. 10; *Knight* v. *Johns,* 161 Miss. 519; *Ernesti* v. *Grand Island,* 125 Neb. 688; *Patton* v. *Bellingham,* 179 Wash. 566; *State* v. *Laramie,* 40 Wyo. 74; *McDermott* v. *City of Seattle,* 4 Fed. Supp. 855. The ground chiefly relied on in such decisions is that the statute or ordinance before the court bears no substantial relation to the public interest, and constitutes an unreasonable attempt to regulate lawful private business and limit the use of private property.

In *State* v. *Johannes, supra,* the court at page 21 used the following language: "In so far as such ordinances may provide reasonable sanitary standards, regulation, and inspection, the public interest is involved and is vitally affected. There it stops, and private rights need yield no further. The public interest is not further involved. We hold that the ordinance before us, in so far as it fixes the hours when barber shops may be open for business, is invalid as in violation of the due process clauses of our own and the Federal Constitution. That feature of the ordinance bears no legitimate or reasonable relation to the public health or general welfare."

In *State* v. *Laramie, supra,* at pages 81, 82, the court made the following holding: "The law must have a real or substantial relation to the public interest in the matter regulated. *Mugler* v. *Kansas,* 123 U. S. 623, 661; 8 S. Ct. 273, 31 L. Ed. 205. And, while the courts repeatedly have said that they should not decide as to the expediency of a measure, it has come to be settled by the high court whose decisions establish the rules limiting the exercise of the police power, that a court should and does determine whether, in its judgment, the law has a real or substantial relation to objects and purposes recognized as legitimate. 21 Harv. L. Rev. 499; 40 Harv. L. Rev. 953. The claim that the restriction in the law bears a reasonable relation to a public interest

must not rest on mere conjecture, but must be supported by something of substance. *Louis K. Liggett Co.* v. *Baldridge,* 49 Sup. Ct. Rep. 57, 73 L. Ed. 45. The extent to which regulation may reasonably go varies with different kinds of business. It depends on the nature of the business, the feature that touches the public, and the abuses reasonably to be expected. *Wolff Co.* v. *Industrial Court,* 262 U. S. 522, 539; 43 S. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280. . . . Unless the closing regulation in question in the case at bar bears a real and substantial relation to the purpose of protecting the public from the spread of disease, it stands on the same footing as any similar restriction on the right of a citizen to engage in a harmless and useful occupation." The following language appears in the opinion of the court in *McDermott* v. *City of Seattle, supra,* at page 857: "Hours of labor, sanitation, or regulation of the barber trade are not involved, and general welfare, upon the admitted facts, may not overcome the limitations of the 14th Amendment."

In the very recent *Opinions of the Justices* of the supreme judicial court of Massachusetts, *supra,* the following language is used at page 954: "We are unable to perceive how the limitations of the proposed bill are founded upon any reasonable relation between the acts forbidden and the promotion of the public health or the public morals. Barber shops may be subjected to regulations for protection of the public health and morals. The proposed bill contains no rules designated to promote cleanliness, or to insure sanitation of barber shops. Provision to accomplish such ends is found in the power to promulgate reasonable regulations by the board of registration of barbers, in the statutes already referred to and in the right of inspection of barber shops."

The complainant has called to our attention cases from two jurisdictions which hold ordinances similar to the statute before us constitutional and valid as a proper exercise of the police power, in that they bear a real and substantial

relation to public health, morals and safety. These cases are *Falco* v. *Atlantic City*, 99 N. J. Law, 19; *Wilson* v. *Zanesville*, 130 Ohio State, 286; *Feldman* v. *City of Cincinnati*, 20 Fed. Supp. 531. It may be observed, however, that the first and third of these cases are not holdings of courts of last resort. These cases, however, are contrary to the great weight of authority.

It is clear that cases upholding statutes which regulate the operation of business on Sunday are, for obvious reasons, not in point in passing upon the constitutionality of the part of the statute involved in this case. Likewise, statutes providing for the opening and closing hours of saloons, cafes, poolrooms, junk shops, pawn shops and places of a similar kind, deal with the regulation of businesses which, from their very nature, bear a substantial relation to public morals and safety. Such statutes are held valid as a legitimate exercise of the police power, but they are plainly distinguishable from the statute before us, when considered in connection with the barber business. Further, certain cases, especially *Barbier* v. *Connolly*, 113 U. S. 27 and *Soon Hing* v. *Crowley*, 113 U. S. 703, upholding regulations providing that work of a certain nature be not done in laundries after a certain specified hour, differ from the instant case in principle. The decisions in those cases appear to be based on the matter of public safety, especially in connection with fire hazards. These authorities are cited by the complainant herein, and also in the cases, hereinbefore referred to, which take the minority view of the question we are considering. See also *Yee Gee* v. *San Francisco*, 235 Fed. 757.

In addition, many statutes dealing with the fixing of hours of labor have been held valid and constitutional, especially in relation to certain industries where the public interest is clearly involved, such as railroads and telegraph companies and the like, and also in connection with the working hours of women and minors. However, in our judgment the portion of the statute in question herein cannot properly be regarded as one to fix hours of labor. It is by its

terms specifically directed solely at regulating the opening and closing of barber shops. Therefore, cases dealing with statutes fixing hours of labor are not of assistance in determining the questions now before us.

After careful consideration of the portion of the statute and the rule involved in this case, we find that they do not have any real and substantial relation to the public health, safety, morals or general welfare, as such public interests touch the barbering business. No satisfactory basis or reason has been brought to our attention, and none occurs to us, which furnishes support for the complainant's contention that the part of the statute and the rule involved herein are valid as a legitimate and proper exercise of police power, in that they bear a substantial relation to the public interests above referred to. A barber has a right to pursue his vocation so as to obtain his livelihood, subject only to such laws and regulations as reasonably protect the public health, safety, morals or general welfare.

For the reasons above mentioned, in our judgment, the part of the statute and rule in question, in view of the nature of the business attempted to be regulated and the kind of regulation made, operate as an unreasonable interference with a useful and lawful business, and are palpably in excess of legislative power. We have, therefore, determined to follow the decisions of those courts, representing the great weight of authority, which have decided that legislation of the type now before us is in violation of the appropriate provisions of the federal and state constitutions.

We find, therefore, that the following portion of sec. 12, *supra*, as amended, namely, " . . . and said board shall have power, after investigation and hearing, to make rules, regulations and orders prescribing the hours for the opening and closing of barber shops or schools in this state on days other than Sundays and said Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day", and the following portion of rule 28, *supra*, namely, "Working

434

hours: Monday to Friday 8:00 A. M. to 7 P. M. Saturdays or night before holidays 8:00 A. M. to 9 P. M." are unconstitutional and void as being contrary to the provisions of sec. 10, article I of the constitution of Rhode Island, and section 1, article XIV of the amendments to the constitution of the United States. The two questions certified to us for our determination are both answered in the affirmative.

The papers in the case, with our decision certified thereon, are ordered sent back to the district court of the sixth judicial district for further proceedings.

*Philip S. Knauer, Philip S. Knauer, Jr., Knauer & Fowler,* for complainant.

*Emilio D. Iannuccillo,* for defendant.