RAFFAELE AMODIO, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE TOWN OF WEST NEW YORK AND
LOUIS L. FLAUM, RECORDER OF THE TOWN OF WEST
NEW YORK, DEFENDANTS.

Argued May 1, 1945—Decided September 14, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *George Rothstein.*

For the defendants, *Samuel L. Hirschberg* (*Anthony J. Armore* joined in defendants' brief as *amicus curiæ*).

The opinion of the court was delivered by

HEHER, J.   This *certiorari* brings up for review an ordinance of the defendant municipality adopted on April 5th, 1944, as amended on January 3d, 1945, entitled "An ordinance regulating the opening and closing hours of barber shops."

The ordinance was enacted in the exercise of the authority conferred by *R. S.* 40:52–1 (k), empowering the governing body of every municipality to "license and regulate" the "opening and closing of barber shops on Sundays and legal holidays, and the hours of opening and closing on weekdays, and to impose a penalty for the violation of any such ordinance, * * *." It is therein ordained that barber shops "shall remain open" on all days of the week except Sunday, Wednesday and Saturday "from 8:00 A. M. to 7:30 P. M.;" on Wednesday "from 8:00 A. M. to 1:00 P. M., excepting the Wednesday of any week during which there is a legal holiday, when it shall remain open from 8:00 A. M. to 7:30 P. M.;" on Saturday "from 8:00 A. M. to 9:00 P. M.;" and "shall be closed on all legal holidays including Sundays, excepting Lincoln's Birthday, Armistice Day and Columbus Day;" and "on the eves of legal holidays," except as therein set forth, "shall be open from 8:00 A. M. to 9:00 P. M." It is also therein directed that "No patrons shall be permitted to enter any such shop after the P. M. hours above mentioned;" that "such patrons as shall have entered such shops before the P. M. hours hereinabove mentioned may be serviced;" that such opening and closing hours shall be prominently posted in the shop; and that a violation of any of the provisions of the ordinance shall be punishable by a fine not exceeding $25 or imprisonment for a term not exceeding ten days. The ordinance contains a recital that the governing body found the

regulation "necessary in order to protect the general welfare and health of persons working in barber shops."

Prosecutor was convicted and fined in the local Recorder's Court upon a complaint charging that he kept his shop open for business on Wednesday, January 17th, 1945, after 1:00 P. M., in violation of the ordinance.

It is urged at the outset that, apart from the specific provision for the closing of such shops on legal holidays, the regulation merely fixes the hours when they "shall remain open," and that this does not constitute a direction against an open shop at other times. Prosecutor invokes the principle that a penal ordinance is to be strictly construed. *Board of Health* v. *Werner,* 67 *N. J. L.* 103; *Perrine Terrace Land Co.* v. *Brennan,* 101 *Id.* 487. We conceive this to be a misinterpretation.

The ordinance is not perhaps a model of artistic excellence, but inartificial expression is not uncommon in municipal legislation. We think it clearly expresses an intent to prohibit open shops of this class at times other than those prescribed. The outstanding purpose was to establish the hours when such shops shall be closed to business, not to make open shops mandatory during the hours fixed for business. Defendants so read the regulation. It specifically directs that such shops shall be closed "on all legal holidays including Sundays," with three exceptions, and that no patrons shall be admitted thereto "after the P. M. hours" specified, and only those who have entered before the closing time shall be serviced. And the title so indicates. It declares the design of the ordinance to be the regulation of the "opening and closing hours" of barber shops. As in the case of statutes, the title of an ordinance may be considered in resolving doubts and ambiguities in the enacting clause. The title here suggests a purpose to close barber shops except during the hours when their operation is permissible under the enacting clause. And the declaration in the regulation itself that it was deemed necessary for the protection of the "general welfare and health" of the workers is also significant of this purpose. As with statutes, a local regulation is to be given a reasonable construction, such as is not repugnant to common sense. The rule enjoin-

ing strict construction of penal ordinances does not command such adherence to the letter of the enactment as would defeat the obvious legislative intent and purpose. The local legislative policy must be given reasonable scope in consonance with the fair import of the terms used. A strict interpretation that would disserve the apparent policy and object of the enactment is not countenanced by the law. That which is fairly implied is as much a part of the ordinance as that which is explicit.

There is no challenge directed to the constitutional sufficiency of *section* 40:52–1 (*k*), *supra*. And it is conceded that the mandatory closing hours of 7:30 P. M. on all work days except Wednesday and Saturday, and 9:00 P. M. on Saturday, represent a reasonable exercise of the statutory power. The point made is that the compulsory Wednesday afternoon and holiday closings constitute a deprivation of prosecutor's property in contravention of the due process clauses of the *Fourteenth Amendment of the Federal Constitution* and *article I, section* 1, *of the State Constitution,* in that "the common right to engage in a lawful private business is curtailed." It is said that under *R. S.* 36:1–1, as amended by *chapter* 123 *of the laws of* 1942 (*Pamph. L., p.* 406), every Saturday from June 15th to September 15th is a public holiday, and every Saturday afternoon from September 15th to June 15th is a half holiday, and that under the ordinance closings would be obligatory at all such times as well as on all other holidays; and it is argued that this would in nowise serve the common interest and is therefore not comprehended in the police power. But this is a misconception of the last-cited statute and the ordinance.

*Section* 36:1–1, as amended, decrees that certain days and half days shall be holidays or half holidays for specified banking transactions; and it contains a rule of construction providing that every Saturday, unless a whole holiday, shall, until twelve o'clock noon, be deemed a secular or business day, except as therein provided in regard to bills of exchange, bank checks and promissory notes, "and the days and half days" therein enumerated, "except bank holidays and Saturdays from the fifteenth day of June to the fifteenth day of

September, both inclusive, shall be considered as the first day of the week, commonly called Sunday, and public holidays or half holidays, for all purposes whatsoever as regards the transaction of business in the public offices of" the state and counties. Thus, the Saturdays between June 15th and September 15th are not legal holidays; and half holidays are not within the purview of the ordinance.

Businesses, professions and occupations affected with a public interest are subject to reasonable regulation for the common good. The phrase "affected with a public interest" is the equivalent of "subject to the exercise of the police power," and signifies no more than that "an industry, for adequate reason, is subject to control for the public good." *Nebbia* v. *New York,* 291 *U. S.* 502; 54 *S. Ct.* 505; 78 *L. Ed.* 940; *State. Board of Milk Control* v. *Newark Milk Co.,* 118 *N. J. Eq.* 504. Barbering is in this category. It is an occupation intimately identified with the public health; and consequently it is subject to regulation in the common interest. On this ground *section* 40:52–1 (*k*), *supra,* has been sustained by this court as against the contention that it infringes the cited provisions of the *Fourteenth Amendment* and *article I, section 1, of the State Constitution. Falco* v. *Atlantic City,* 99 *N. J. L.* 19. Compare *Spiro Drug Service, Inc.,* v. *Board of Commissioners of Union City,* 130 *Id.* 1; *affirmed, Ibid.* 496. *Starkey* v. *Atlantic City,* 132 *Id.* 27; *Wagman* v. *Trenton,* 102 *Id.* 492.

And the regulation in question is in no sense unreasonable or an arbitrary interference with the natural rights and privileges secured by the organic law. The ordinance itself bears a substantial relation to the security of the public health; and the particular provision is an integral part of the legislative scheme. The Wednesday afternoon and holiday closings compensate for the long hours of service on the other work days; and it is therefore a measure aimed to foster the health of the workers, and thus to advance the essential public interest. It is a reasonable means to a legitimate end, *i. e.,* the protection of the public health in the conduct of a business that is peculiarly subject to the hazards of communicable diseases. If the night-closing regulations are a reasonable

exercise of the police power in the furtherance of the general health, so also is the incidental provision for a mid-week half day of rest as a counter-balance to the late hours of work on the other days, which serve the convenience of the public at large. That is a reasonable exercise of the statutory discretion; it is within the fair bounds of legislative judgment. The end result is the service of the general welfare through a measure designed to safeguard the health of the barbers. It does not matter that the restriction directly serves a particular class. If thereby the interest of the community at large is also served in material particulars relating to the public health and general welfare, there is no infringement of the due process clauses. Compare *N. J. Good Humor, Inc.*, v. *Bradley Beach*, 124 *N. J. L.* 162. The legislative authority has a broad discretion in the means employed to advance the public health and safety. It may, in the common interest, provide for wholesome conditions of work, if the measure is not beyond the bounds of reason. *West Coast Hotel Co.* v. *Parrish*, 300 *U. S.* 379; 57 *S. Ct.* 578; 81 *L. Ed.* 703. And reasonable limitations upon the hours of service is a health regulation within the domain of the police power. *Bunting* v. *State of Oregon*, 243 *U. S.* 426; 37 *S. Ct.* 435; 61 *L. Ed.* 830. The regulation in question has specific relation to the competency of the workmen; and this is a proper concern of government. Witness *R. S.* 45:4-1, *et seq.* There is of necessity a wide area of discretion in determining the existence of the need and the nature and scope of the measures adequate to meet such need as may be found to exist; and the exercise of the legislative judgment is not subject to judicial superintendency unless it is plainly beyond the realm of the police power or the means employed to attain a legitimate end are palpably unreasonable. The regulation here, considered as a whole, does not reach beyond the bounds of reasonable exercise of the police power. It is also to be observed that the suspension of secular business on legal holidays is a proper function of government, although the power may not be unreasonably exercised. And the fact that the contiguous municipalities have not adopted a like restriction is manifestly immaterial on this inquiry.

Nor is the ordinance discriminatory because "beauty parlors and all other businesses, trades and professions are not affected thereby." As noted, the exigency in the particular case is for the judgment of the lawmaking power; and, unless there is an utter lack of basis for the classification, the action taken is not discriminatory in the constitutional sense. There is no invidious discrimination merely because the evil may in some degree extend to other occupations. The question of the relative need is essentially one for the legislative judgment. The inquiry is whether there is discrimination against anyone within the prescribed limits of the regulation. Special burdens are often necessary for general benefits; and if the restrictions operate alike upon all persons and property under the same circumstances and conditions, there is no just ground of complaint. Legislation which, "carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated," is not within the *Fourteenth Amendment. Barbier* v. *Connolly,* 113 *U. S.* 27; 5 *S. Ct.* 357; 28 *L. Ed.* 923. In *West Coast Hotel Co.* v. *Parrish, supra,* Chief Justice Hughes stated the rule thus: "This court has frequently held that the legislative authority, acting within its proper field, is not bound to extend its regulation to all cases which it might possibly reach. The legislature 'is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be clearest.' If 'the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied.' There is no 'doctrinaire requirement' that the legislation should be couched in all embracing terms."

And the ordinance is not repugnant to *R. S.* 36:1-2, authorizing the transaction of "private or public business * * * on any designated holiday or half holiday, in the same manner as on any other day of the week on which it is lawful to transact such business." This provision is subject to the exercise of the police power by the municipalities under *section* 40:52-1 (*k*), *supra,* which specifically authorizes the closing of barber shops on legal holidays. *Section* 36:1-2 is to be read in the light of *section* 36:1-1, as amended. Its

design was to emphasize the character and limitations of the holidays thereby declared. These acts are *in pari materia;* and they are therefore to be construed together as one enactment, the one provision qualifying the strict letter of the other so as to give effect to each in its appropriate sphere, and thus make the whole consistent.

There is no merit in the contention, lastly made, that the evidence does not sustain the conviction.

The judgment of conviction is accordingly affirmed, with costs.