OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Barber, Due process of law, Police power, Delegation of powers. *Barber*.

A proposed statute authorizing the board of registration of barbers, upon petition of at least seventy per cent of the registered and practising barbers in a municipality, to approve schedules agreed upon and submitted to the board by them of days and hours when barber shops therein may remain open for business and to declare and establish the days and hours when all barber shops therein may remain open for business would violate the due process provisions of the Federal and Massachusetts Constitutions and also would be an unconstitutional delegation of legislative power.

On July 9, 1958, the Justices submitted the following answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order of the Senate dated June 30, 1958, and transmitted to us on July 2. The order refers to a pending bill, Senate No. 449, entitled "An Act to protect the standards of barbers."

The bill has two sections. Section 1 seeks to amend G. L. c. 112, § 87K, as amended through St. 1936, c. 314, § 3, by adding at the end the following paragraph: "Notwithstanding any other laws to the contrary, whenever agreements covering the days and hours when barber shops may remain open for business shall have been agreed upon, signed and submitted to the board by organized and representative groups of barbers of at least seventy per cent of the registered and practicing barbers in any city or town in the commonwealth, said board shall have power to approve such agreements and to declare and establish within

such city or town, by official order or regulation, the days
and hours when all the barber shops in said city or town may
remain open for business.  Before acting upon such petitions,
the board, within thirty days after such schedule is sub-
mitted, shall determine by investigation whether such
suggested schedules are reasonable and sufficient to enable
barber shops, in such city or town, to operate in keeping
with the purposes of this section in minimizing the danger
to the public health and safety incident to such work.  In
determining reasonable schedules, the board shall take into
consideration other facts and conditions affecting the barber
profession in its regulations to the public health and safety.
Such schedules may be changed and varied from time to time
by the board, on petition by at least seventy per cent of the
registered and practicing barbers in the city or town."

Section 2 purports to limit the effect of an adjudication of
invalidity as to any part of the act or any rule of the board
of registration of barbers adopted thereunder to the part
adjudged to be invalid.

The question is as follows:

"Would the limitation or regulation of the days and
hours that barber shops may be kept open for business in
certain cities and towns in the manner provided in said
pending bill violate the provisions of articles 1, 10 and
12 of the Declaration of Rights of the Constitution of
Massachusetts and the Fourteenth Amendment to the
Constitution of the United States which protect every
person in the enjoyment of his liberty and property, in-
cluding the right to engage in any lawful occupation,
subject to reasonable regulations?"

The order recites that in *Opinion of the Justices*, 300 Mass.
615, the Justices unanimously advised the House of Repre-
sentatives that in their opinion House bill No. 554 of the
year 1938 was unconstitutional; and that the said House
bill and the pending bill, Senate No. 449, are alike in so far
as both limit or regulate the days and hours that barber
shops may be kept open for business in certain cities and

towns, but differ in respect to the method of limitation or regulation. It will be noted that neither bill has the effect of prescribing a maximum work day or work week.

The order correctly recites that the pending bill and the 1938 bill, which was the subject of the advisory opinion in 300 Mass. 615, are alike in so far as they limit or regulate the days and hours that barber shops may be kept open. We adopt and reaffirm the reasoning of that opinion. In concluding that there was an unreasonable interference with the pursuit of a vocation, it was said, at page 620: "The proposed bill violates fundamental constitutional guarantees as depriving persons of liberty and property without due process of law and as denying persons the protection of liberty and property according to standing laws." See *McMurdo* v. *Getter*, 298 Mass. 363, 365–366. And again at page 619, it was said, with full citation of cases, "The great weight of authority, in both soundness of reasoning and number of decisions, holds that legislation of this nature violates the provisions of State and Federal Constitutions." Since that opinion the trend of the decisions has continued. *Noble* v. *Davis*, 204 Ark. 156. *State* v. *Danberg*, 40 Del. 136. *Miami* v. *Shell's Super Store, Inc.* 50 So. 2d 883 (Fla.). *State Bd. of Barber Examrs.* v. *Cloud*, 220 Ind. 552. *Louisville* v. *Kuhn*, 284 Ky. 684. *State* v. *Paille*, 90 N. H. 347. *People* v. *Leadbitter*, 194 Misc. (N. Y.) 481; affd. 275 App. Div. (N. Y.) 864; affd. 301 N. Y. 695. *Cincinnati* v. *Correll*, 141 Ohio St. 535. *Oklahoma City* v. *Johnson*, 183 Okla. 430. *Amitrano* v. *Barbaro*, 61 R. I. 424. *Huron* v. *Munson*, 67 S. D. 88. *State* v. *Greeson*, 174 Tenn. 178. See *Salt Lake City* v. *Revene*, 101 Utah, 504. To the contrary are *Amodio* v. *Board of Commrs. of West New York*, 133 N. J. L. 220, and *New Castle* v. *Sullivan*, 36 D. & C. (Pa.) 47.

The order recites that the pending bill differs from the 1938 bill in respect to the method used in effecting a limitation or regulation of days and hours. The 1938 bill in terms undertook to prescribe the hours, whereas the proposed bill in substance provides that the board of registration of barbers from time to time may approve schedules of days

and hours upon petition by at least seventy per cent of the registered and practising barbers in any city or town. The latter method as a delegation of legislative power creates an additional constitutional objection. *Hollingsworth* v. *State Bd. of Barber Examrs.* 217 Ind. 373. *Maryland Co-op. Milk Producers, Inc.* v. *Miller,* 170 Md. 81. *La Forge* v. *Ellis,* 175 Ore. 545. *Revne* v. *Trade Commn.* 113 Utah, 155. *Gibson Auto Co. Inc.* v. *Finnegan,* 217 Wis. 401. 3 A. L. R. 2d 193–196. See *A. L. A. Schechter Poultry Corp.* v. *United States,* 295 U. S. 495, 535–542. See also *Opinion of the Justices, ante,* 777, 784. The public convenience and the means of livelihood of the minority of barbers in a city or town — a minority which might be as large as thirty per cent — are subjected to the will of seventy per cent. There is no discernible connection with public health or safety in a provision which makes a trade agreement a condition precedent to board action. The result could be economic tyranny. *Saveall* v. *Demers,* 322 Mass. 70.

To the question we answer, "Yes."

RAYMOND S. WILKINS.
JAMES J. RONAN.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, JR.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.