115 N.J. Super. 33 (1971)
277 A.2d 909
TONSORIAL INCORPORATED t/a THE ODYSSEY, PLAINTIFF,
v.
THE CITY OF UNION CITY AND THE BOARD OF COMMISSIONERS OF THE CITY OF UNION CITY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 19, 1971.
*35 Mr. Gregory T. Farmer for plaintiff (Mr. Anthony M. De Fino, attorney; Mr. Gregory T. Farmer on the brief).
*36 Mr. Jack Prizzia for defendants.
Mr. Robert S. Feder for Union City Boss Barbers Association, amicus curiae (Mr. George B. Campen on the brief).
LARNER, A.J.S.C.
This action in lieu of prerogative writ, challenges the validity of a municipal ordinance of the City of Union City entitled "An Ordinance to Regulate Barber Shops, Barbering and Itinerant Barbers in the City of Union City, County of Hudson, to Fix Opening and Closing Hours for Barber Shops and to Provide Penalties for the Violation Thereof." The provision in question, section 11, provides in part that "It shall be unlawful for any barber shop to be open for business on any Sunday, New Year's Day, July 4th, Labor Day, Thanksgiving Day, Christmas, Memorial Day, Washington's Birthday and all Wednesdays except whenever there is a week containing a holiday; in that instance the barber shop may remain open." (Emphasis added).
Although the matter was presented on the return of an order to show cause for preliminary restraint, the parties stipulated that the court consider the case as if it were submitted on final hearing.
The facts are not in dispute. Plaintiff is engaged in the business of barbering in Union City and is the owner of a barber shop which offers such services to the general public. On January 27, 1971 the Department of Health of the city filed a complaint against Thomas Russo as president of plaintiff corporation alleging that he engaged in barbering at his place of business in violation of section 11, in that he kept his shop open on January 27, 1971, a Wednesday. This court temporarily restrained the city from enforcing the ordinance pending the determination of the issues presently before the court.
In addition to the parties to the litigation, an amicus curiae brief was filed on behalf of the Union City Boss Barbers Association.
*37 Plaintiff challenges the validity of the ordinance on the following grounds: (1) in enacting N.J.S.A. 40:52-1(l) the Legislature has preempted local regulation of the barbering profession; (2) N.J.S.A. 40:52-1(l) does authorize local regulation of plaintiff's business, the municipality is nevertheless not empowered thereunder to adopt ordinances compelling barber shops to close on Wednesdays, and (3) the ordinance is unconstitutional with relation to such compulsory closing in that it is discriminatory, oppressive and unreasonable.
The particular question at issue is a novel one in this state since there are no reported opinions on the subject.
N.J.S.A. 40:52-1 provides:
The governing body may make, amend, repeal and enforce ordinance to license and regulate: * * * (1) The opening and closing of barber shops on Sunday and legal holidays, and the hours of opening and closing on week days, and to impose a penalty for the violation of any such ordinance, not exceeding a fine of $25.00, or imprisonment in the municipal lockup, or in the county jail, not exceeding 10 days.
It further provides that:
Nothing in this chapter contained shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any department, board, commission, or other agency of the State.
Plaintiff asserts that since barber shops are licensed by the State Board of Barber Examiners pursuant to N.J.S.A. 45:4-27 et seq., the municipality is prohibited from making, amending or enforcing ordinances to regulate the days or hours of opening and closing of businesses engaged in barbering. This argument would have merit if the issue before the court were limited to the validity of an ordinance requiring a barber to obtain a municipal license when that individual holds a license from a state agency, since such state preemption would exclude municipal power to regulate or license *38 in this field. Coculo v. Trenton, 85 N.J. Super. 523 (App. Div. 1964); Galante v. Teaneck Dept. of Health, 70 N.J. Super. 362 (Law Div. 1961).
The attack, however, on municipal power to regulate hours and days of opening and closing of barber shops within the limits of N.J.S.A. 40:52-1 (l) is without merit. As already noted, N.J.S.A. 40:52-1(l) affirmatively grants such power to municipalities. In addition, N.J.S.A. 45:4-50.10 expressly provides that "Nothing in this act [State Licensing Act] shall be construed to limit or impair the right of any municipality to regulate or license barber shops by ordinance as provided by law."
A consideration of all the statutory enactments in pari materia leads to the unmistakable conclusion that despite the state preemption of licensing and regulation of barber shops, the Legislature has delegated to municipalities a limited power to regulate in the area of hours and days of closing.
Assuming the existence of the power to regulate in this area, plaintiffs further contention is that N.J.S.A. 40:52-1(l) authorizing the regulation of hours of work and the days of closing does not empower a municipality to adopt an ordinance requiring barber shops to close on a Wednesday or any other particular weekday. Defendants contend that reasonable construction of the statute permits the assertion of such power as a fair extension of the legislative intent.
It is axiomatic in this State that a municipal corporation is a government of enumerated powers and that it has no inherent powers to adopt ordinances or regulations except those affirmatively delineated by the Legislature. A municipality must act within its delegated authority. Roselle v. Public Service Elec. & Gas Co., 35 N.J. 358 (1961); Wagner v. Mayor, etc., Newark, 24 N.J. 467 (1957); Bucino v. Malone, 12 N.J. 330 (1953); Fred v. Mayor, etc., Old Tappan, 10 N.J. 515 (1952); Edwards v. Mayor, etc., Moonachie, 3 N.J. 17 (1949); Jersey City v. Martin, 126 N.J.L. 353 (E. & A. 1941). This limitation, of course, is to be interpreted in light of the constitutional provision that *39 laws concerning municipal corporations shall be liberally construed in their favor and shall include not only powers granted in express terms but also those which are necessary or incident to the powers conferred. N.J. Constitution (1947) Art. IV, Sec. VII, par. 11. In addition, the court is cognizant of the underlying rule of law that a municipal ordinance is entitled to a presumption of validity. Kozesnik v. Montgomery Tp., 24 N.J. 154, 167 (1957).
However, neither the constitutional mandate nor the presumption of validity warrants reading into the statutes a power that does not exist and is not intended to be granted. Magnolia Development Co., Inc. v. Coles, 10 N.J. 223, 227 (1952). When the validity of an ordinance is before the court, judicial intervention is mandated where the power assumed by the municipal governing body is beyond the boundaries delineated by the statutory language and legislative intent. Lynch v. Edgewater, 8 N.J. 279, 286 (1951); Donohue v. Campbell, 98 N.J.L. 755, 763 (E. & A. 1923).
In the statute in question the Legislature authorized municipalities to regulate the opening and closing of barber shops on Sundays and legal holidays and to regulate the hours of opening and closing on weekdays. The separate treatment of these two areas of regulation is meaningful and significant. It evinces an intent that the power to regulate as to weekdays excludes total closing and is limited to hours of opening and closing.
It is of some interest that in the parallel situation of beauty parlors the statutory language authorizing regulation by municipalities is similar. N.J.S.A. 40:48-2.1. The Appellate Division in Coculo v. Trenton, supra, dealing with the beauty parlor statute, was careful to delineate the limitation of delegated power in the following language:
State control over beauty parlors, as such, has been delegated to the municipalities only to the limited extent that the local governing bodies may regulate the week-day business hours of such establishments and their opening and closing on Sundays and holidays. [85 N.J. Super. at 526]
*40 Defendants rely on Amodio v. Board of Comm'rs' West New York, 133 N.J.L. 220 (Sup. Ct. 1945), as authority to the contrary. In that case the former Supreme Court sustained as constitutional an ordinance of West New York requiring the closing of barber shops on Wednesday afternoons. It is urged that closing in toto on Wednesdays is but a logical extension of the holding in that case and should be sustained. In the first place, the issue of statutory construction and delegated power was not raised or passed upon in Amodio. And more importantly, the case is distinguishable because regulation of the number of hours on a Wednesday is not equated with total Wednesday closing in the context of the legislative mandate.
The court therefore concludes that the enabling legislation N.J.S.A. 40:52-1(l) does not authorize a municipality to adopt an ordinance compelling the closing of all barber shops on any days of the week other than Sundays and holidays. The views of the Union City Boss Barbers Association, or even the desires of most of the barbers in the community, can have no effect upon the basic legal issue. If the municipality has no power to engage in the attempted regulation, the popularity of its regulation with barbers or the public is of no legal consequence.
Another facet of plaintiff's complaint attacks the regulation as unconstitutional in that it represents an arbitrary and discriminatory exercise of police power in violation of the Fourteenth Amendment of the U.S. Constitution and Art. 1, pars. 1 and 5 of the N.J. Constitution. Whether an ordinance compelling total closing during a weekday is reasonable even if statutorily authorized is highly questionable. In fact there is substantial authority in other jurisdictions to the effect that regulation of hours or opening and closing of barber shops in any form is unconstitutional because regulating the hours of work by barbers bears no real and substantial relation to the health, safety, morals or general welfare of the public, and therefore is not a valid exercise of the police power. Noble v. Davis, 204 Ark. 156, 161 S.W.2d 189 *41 (Sup. Ct. 1942); State v. Danberg, 40 Del. 136, 6 A.2d 596 (Ct. Gen. Sess. 1939); Miami v. Shell's Super Store, Inc., 50 So.2d 883 (Fla. Sup. Ct. 1951); State Bd. of Barber Examiners v. Cloud, 220 Ind. 552, 44 N.E.2d 972 (Sup. Ct. 1942); Louisville v. Kuhn, 284 Ky. 684, 145 S.W.2d 851 (Ct. App. 1940); Alexandria v. Hall, 171 La. 595, 131 So. 722 (Sup. Ct. 1930); In re Opinion of the Justices, 337 Mass. 796, 151 N.E.2d 631 (Sup. Jud. Ct. 1958); Knight v. Johns, 161 Miss. 519, 137 So. 509 (Sup. Ct. 1931); State v. Paille, 90 N.H. 347, 9 A.2d 663 (Sup. Ct. 1939); People ex rel. Pinello v. Leadbitter, 301 N.Y. 695, 95 N.E.2d 51 (Ct. App. 1950); Cincinnati v. Correll, 141 Ohio St. 535, 49 N.E.2d 412 (Sup. Ct. 1943); Oklahoma City v. Johnson, 183 Okla. 430, 82 P.2d 1057 (Sup. Ct. 1938); Amitrano v. Barbaro, 61 R.I. 424, 1 A.2d 109 (Sup. Ct. 1938); Huron v. Munson, 67 S.D. 88, 289 N.W. 416 (Sup. Ct. 1939); State v. Greeson, 174 Tenn. 178, 124 S.W.2d 253 (Sup. Ct. 1939); State ex rel. Newman v. Laramie, 40 Wyo. 74, 275 P. 106 (Sup. Ct. 1929). Such regulation, however, has been sustained by New Jersey courts in early decisions. La Porta v. Board of Health, 71 N.J.L. 88 (Sup. Ct. 1904); Falco v. Atlantic City, 99 N.J.L. 19 (Sup. Ct. 1923); Amodio v. Board of Commr's, West New York, supra.
The court, however, will not undertake to resolve the constitutional challenge since it is not necessary for the disposition of the litigation. Trial courts are mandated to avoid decisions on constitutional issues except when such decisions are imperative and inescapable. Smith v. Livingston Tp., 106 N.J. Super. 444 (Ch. Div. 1969); Accident Index Bureau, Inc. v. Hughes, 83 N.J. Super. 293 (App. Div. 1964), aff'd 46 N.J. 160 (1965); Ahto v. Weaver, 39 N.J. 418 (1963); State v. Salerno, 27 N.J. 289 (1958).
In view of the foregoing, judgment will be entered in favor of plaintiff setting aside the provision of the ordinance compelling Wednesday closings and permanently enjoining the municipality and its agents from enforcing said provision.