THE STATE (TOWN OF IRVINGTON), RESPONDENT, v. CLARA SCHNEIDER, APPELLANT.

Submitted October 28, 1938—Decided January 13, 1939.

For the appellant, *Jacob S. Karkus* and *O. R. Moyle* (of the New York bar).

For the respondent, *Thomas L. Hanson* and *Meyer Q. Kessel.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion of the Supreme Court.

The appellant argues that the decision of the United States Supreme Court in *Lovell* v. *Griffin,* 303 *U. S.* 444, is dispositive of the present case. That case was determined by the United States Supreme Court after the submission of the present case to the court below and is not mentioned in the opinion. We conclude that Lovell *v.* Griffin is not controlling in the situation presented here.

In that case the court reversed a conviction for violation of an ordinance of the city of Griffin, Georgia, which ordinance provided: "That the practice of distributing, either by hand or otherwise, circulars, handbooks, advertising, or literature of any kind, whether said articles are being delivered free, or whether same are being sold, within the limits of the city of Griffin, without first obtaining written permission from the City Manager of the City of Griffin, such practice shall be deemed a nuisance, and punishable as an offense against the City of Griffin." It was held that this ordinance was void because it amounted to an infringement of the freedom of the press in contravention of the first amendment to the federal constitution. It was pointed out by the court that "the ordinance in its broad sweep prohibits the distribution of 'circulars, handbooks, advertising, or literature of any kind.' * * * The ordinance is comprehensive with respect to the method of distribution. It covers every sort of circulation 'either by hand or otherwise.' There is thus no restriction in its application with respect to time or place. It is not limited to ways which might be regarded as inconsistent with the maintenance of public order, or as involving disorderly conduct, the molestation of the inhabitants, or the misuse or littering of the streets."

The ordinance of the town of Irvington under which the conviction below was had provides: "No person except as in this ordinance provided shall canvass, solicit, distribute circulars, or other matter, or call from house to house in the Town of Irvington without first having reported to and received a written permit from the Chief of Police or the officer in charge at Police Headquarters."

It then goes on to provide that the chief of police shall satisfy himself of the good character of the applicant and that the project for which the canvass is to be made is free from fraud. The applicant is required to state certain particulars concerning himself and his project. There is a time limit fixed during which canvassing, &c., may be done.

The difference between the ordinance in the Lovell case and the one in the present case is thus quite marked. In the Lovell case there was no charge of "canvassing" or "soliciting," and, indeed, the ordinance there did not prohibit these things. The charge was simply distributing printed matter without a permit. The charge in the instant case was canvassing without a permit, in violation of the ordinance. And it is stipulated that she "did call from house to house * * * and did leave or offer to leave with said occupants certain books or booklets, for which defendant solicited or accepted contributions in the form of money * * *."

We are dealing here with the validity of the ordinance only in so far as it requires a permit for canvassing within the municipality. We deem this to be a valid exercise of the police power to promote the safety and welfare of the people. A municipality may protect its citizens against fraudulent solicitation, and when it enacts an ordinance to do so, all persons are required to abide thereby. The ordinance in question was evidently designed for that purpose and we do not think it violates the federal constitution under the rule laid down in the case of *Lovell* v. *Griffin, supra.*

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, WALKER, JJ. 12.

*For reversal*—None.