CHARLES MILLS, PROSECUTOR, v. ALFRED J. MOSHER, RECORDER, DEFENDANT, AND BOROUGH OF MONTVALE, RESPONDENT.

Submitted October 7, 1941—Decided July 30, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Joseph Frederick Bratt* (*George F. Losche*, of counsel).

For the defendant and respondent, *Charles F. Black*.

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the legality of the conviction of the prosecutor by the defendant, Recorder of the Borough of Montvale, for the violation of an ordinance of the borough entitled "An ordinance to regulate and control the operation and licensing of gasoline selling stations in the Borough of Montvale, in the County of Bergen, State of New Jersey, and providing penalties for the violation of its terms."

The undisputed facts are that the prosecutor conducts a filling station in Montvale where he sells gasoline at retail. The ordinance defines gas filling stations as places where gasoline and other inflammable liquids are kept for sale and provides that no person shall operate or carry on such business "without first having obtained a license therefor." Such licenses are issued by the borough clerk and are for the calendar year, the fee for same being $5. The prosecutor had no license from the borough and upon conviction was fined $25, the penalty provided in the ordinance, which he paid under protest.

The prosecutor contends that the ordinance is invalid because the borough was without authority to enact it and moreover that it was illegally enacted because the record fails to show that the statutory requirements were observed in presenting it to the mayor for his approval and recording it in full by the borough clerk in a book to be kept for that

purpose. *N. J. S. A.* 40:49-2 and 40:93-9 provide for the procedure respecting the passage and recording of ordinances. The record before us we think shows that these statutes were complied with and that it was properly enacted.

The remaining question is the validity of the ordinance. *N. J. S. A.* 40:52-1 gives municipalities power to make, amend, repeal and enforce ordinances to license and regulate the carrying on of businesses, &c., with this express qualification, however, "Nothing in this chapter contained shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any department, board, commission, or other agency of the state."

Now it appears that prosecutor does in fact hold a license issued to him by the State Tax Commission to sell fuels (gasoline) at retail at his said filling station in Montvale. This license was issued under authority of *N. J. S. A.* 54:39, *et seq.* This statute was enacted in 1935 and is entitled "An act imposing a tax on motor fuels." A careful consideration of this statute leads us to the conclusion that it was not the legislative intention or purpose to divest municipalities of the power to regulate and govern the places and conditions under which gasoline stations may be permitted for the purpose of insuring the health, safety and welfare of the community. The license issued under the statute we think was not intended to be a license within the strict meaning of that term but was rather a tax or fee exacted so that a fund be created to be used for the administration of the act.

The ordinance being valid it follows that the conviction be affirmed.