SPIRO DRUG SERVICE, INC., AND NEAL SPIRO, PROSECU-
TORS, v. BOARD OF COMMISSIONERS OF UNION CITY,
DEFENDANTS.

Submitted January 19, 1943—Decided March 22, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the prosecutors, *John W. Ockford.*

For the defendant, *Nicholas S. Schloeder.*

The opinion of the court was delivered by

PARKER, J. The attack is on an ordinance of Union City,
identical, *mutatis mutandis,* with ordinances contempora-
neously enacted by a number of other Hudson County munici-
palities, relating to drug stores, and fixing closing hours,
Monday to Friday, inclusive, at ten P. M., Saturday at eleven
P. M., and Sunday at nine P. M., and providing a penalty
for violation. The corporate prosecutor Spiro Drug Service
operates a licensed drug store in Union City, with two regis-
tered pharmacists, where prescriptions are filled, drugs dis-
pensed, and miscellaneous merchandise sold, as usual at the
present day. The filed reasons, shortly stated, are, 1, the
ordinance is *ultra vires;* 2, it is unreasonable as interfering
with a lawful business; and 3, in violation of the Fourteenth
Amendment to the national constitution.

We consider that it is not *ultra vires.* The argument for
prosecutor rests on the reservation in *R. S.* 40:52-1 relating

to licenses by municipalities, providing that nothing in that chapter shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any * * * agency of the state. But this is to be construed in connection with the regulatory powers properly, and we may say necessarily, bestowed on municipal governments, in the interest of public health and safety. Side by side with the above reservation against municipal interference with state licenses, we have, in chapter 52 of title 40 (*R. S.* 40:52-1 g) the municipal power to license and regulate a number of specified kinds of business "and all other kinds of business conducted in the municipality other than herein mentioned." It is evident, we think, that the legislature never intended to divest municipalities of normal functions of reasonable regulation, within their limits, of state licensees. With this premise, we pass to the second point, that the ordinance is unreasonable. It is entitled: "An ordinance fixing the closing hours of drug stores in the City of Union City, in the County of Hudson," and in the preamble recites emergency conditions due to the war, and consequent shortage of clerks, and a request by the operators of all local drug stores, and ordains "that the closing hours of all drug stores in the City from Monday to Friday, both inclusive, is hereby fixed at 10 P. M., on Saturday at 11 P. M., and on Sunday at 9 P. M., all Eastern War Time." Paragraph 2 fixes a penalty for violation, and paragraph 3 provides that the ordinance shall become effective when a like ordinance is adopted in four neighboring municipalities. That the ordinance is not unreasonable appears clearly in the evidence taken herein, which indicates that the number of registered pharmacists (required by law in drug stores) is greatly reduced by enlistments and the draft; that the available ones are consequently overworked; that prescription work is such that an overworked pharmacist is liable to make mistakes and that mistakes in .the prescription business are dangerous even to human life. That this situation is general appears by the identity of action in all the municipalities involved.

If, as in *Wagman* v. *Trenton,* 102 *N. J. L.* 492, a limita-

tion of auctions of jewelry to the hours between 8 A. M. and 6 P. M. is not unreasonable, it would seem that the closing hours stated in the present ordinance are not.

The argument as to unconstitutionality requires little comment. No constitutional provision is cited: and in the face of the ancient curfew law, and the existing and likewise ancient Sunday law, as analogies, we fail to see any merit in it.

The writt will be dismissed, with costs.