70 N.J. Super. 362 (1961)
175 A.2d 490
JOHN GALANTE T/A SIR JOHN HAIRDRESSER, NEW JERSEY ASSOCIATION OF MASTER HAIRDRESSERS, A CORPORATION OF THE STATE OF NEW JERSEY, AND BERGEN COUNTY HAIRDRESSERS ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
THE TEANECK DEPARTMENT OF HEALTH, THE TOWNSHIP OF TEANECK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE BOARD OF BEAUTY CULTURE CONTROL AND DAVID D. FURMAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 16, 1961.
*364 Mr. Samuel A. Wiener, attorney for plaintiffs.
Mr. Leland F. Ferry, attorney for defendants Teaneck Department of Health and The Township of Teaneck.
Mr. David D. Furman, Attorney General, attorney for defendant Board of Beauty Culture Control of the State of New Jersey (Mr. F. Michael Caruso, Deputy Attorney General, appearing).
O'DEA, J.C.C.
This is a motion for summary judgment in an action in lieu of prerogative writ under the Declaratory Judgments Act, N.J.S.A. 2A:16-50 et seq., to test the validity of a municipal ordinance requiring a municipal license for beauty shops regulated and licensed by the State Board of Beauty Culture Control in the State Board of Health under the State Beauty Culture Control Act.
The plaintiff, a local hairdresser operating a beauty salon in the Township of Teaneck under a state license, obtained a municipal license and paid the fee exacted therefor under protest. He is joined by coplaintiffs, the Bergen County and the New Jersey State Hairdressers Associations because of their interest in the determination of the issue herein on behalf of the hairdressers in other municipalities of the county and State subject to similar municipal licensing ordinances.
The Attorney General and the State Board of Beauty Culture Control have been joined as codefendants with the Township of Teaneck to comply with the requirements of R.R. 4:37-2 in cases where the validity of an ordinance affecting the public interest is drawn in question.
There is no genuine issue as to any material fact on the motion for summary judgment which is submitted on oral *365 argument and briefs for determination of the single issue of municipal authority to license beauty shops.
By an act of the State Legislature approved June 29, 1935 (L. 1935, c. 307, p. 971; R.S. 45:4A-1-35) the Legislature created and established the State Department of Beauty Culture Control governed by a Board of Beauty Culture Control vested with full, complete and adequately delineated powers to regulate, control and license beauty culture shops and premises, managers, operators, teachers, students, schools, with ample and adequate provision for examination, inspection and enforcement of the regulations as to personal skills, safety of the operations and equipment, sanitary control of the personnel, equipment and premises with special statutory jurisdiction in the county and district courts for enforcement of penalties provided for violation and special injunctive relief provided in the Superior Court to present and restrain any violation of the act.
The Legislature has expressly reserved to municipalities the power to regulate the opening and closing of beauty parlors on Sunday and holidays and to regulate the hours of opening and closing on week days, N.J.S.A. 40:48-2.1, and expressly excluded the licensing power of municipalities from licensing or regulating any person holding a license or certificate issued by any department, board, commission or other agency of the State, N.J.S.A. 40:52-1.
On November 5, 1940 the defendant Township of Teaneck adopted the municipal licensing ordinance under attack, entitled "An Ordinance to License Barber and Beauty Shops," which was subsequently amended and codified to read as follows:
"Section 1. Every barber and beauty shop in the Township of Teaneck shall be licensed yearly by the Department of Health, which license shall be granted after an inspection of each premises has been made to determine the compliance thereof with the State Boards' Rules and Regulations governing such barber and beauty shops, and after presentation to the Teaneck Department of Health of a certificate executed by a reputable physician certifying that all persons working in these shops are free of all communicable diseases *366 and are in proper physical condition to carry out the trade of barber or beautician. In the case of beauticians, presentation of the State license shall be accepted in lieu of the physician's certificate.
Section 2. All licenses issued pursuant to this ordinance shall expire on December 31 of each year, and no deduction shall be made for parts or portions of the year for which the license is issued.
Section 3. A fee of ten ($10.00) dollars per shop shall be made to cover the cost of inspections and examinations of health certificates.
Section 4. Any person required by this ordinance to procure a license who has failed to do so, or violates the terms of this ordinance, shall be subject to a fine of not more than two-hundred ($200.00) dollars or imprisonment in the County Jail for not more than thirty (30) days."
We find an exercise of dual and duplicate licensing authority under the ordinance and under the act. The ordinance requires every beauty shop in the Township of Teaneck to obtain an annual license, granted on inspection of the shop premises to determine compliance therein with the State Board's rules and regulations governing beauty shops and on presentation of a physician's certificate of health or a state beautician's license in lieu thereof, with penal provisions for failure to procure such license. The Beauty Culture Control Act, N.J.S.A. 45:4A-5.1(d) requires a shop license to use or maintain premises for the practice of beauty culture with the provision (N.J.S.A. 45:4A-8):
"No person, partnership or corporation shall be permitted to receive a shop certificate of registration or license to use or maintain premises for the practice of beauty culture unless such person, partnership or corporation shall have first furnished the department with satisfactory proof that such shop or premises are to be used or maintained in compliance with the requirements of the rules and regulations prescribed by authority of sections 45:4A-13 and 45:4A-16 of this Title."
Thus, the municipality has stepped into the orbit of state control of beauty shops by adopting the identical licensing requirements at the municipal level as exacted by the State under state board control of the occupation. There is nothing in the municipal ordinance ancillary to the state regulations and requirements; no additional regulations in *367 aid and furtherance of the purpose of the general state law appropriate to the necessities of the Teaneck locality; nothing of local concern which may be determined to be peculiarly necessary and proper for the good and welfare of local inhabitants. Local ordinances ancillary to state enactments for the protection of the public health, safety and security, or without the pale encompassed by state control, have been upheld as a reasonable exercise of municipal police power for the protection of local inhabitants or to meet peculiar local police, health and safety situations. Chaiet v. East Orange, 136 N.J.L. 375 (Sup. Ct. 1948); Mills v. Mosher, 128 N.J.L. 546 (Sup. Ct. 1942); Spiro Drug Service Inc. v. Board of Com'rs of Union City, 130 N.J.L. 1 (Sup. Ct. 1943); Department of Licenses and Inspections, etc. v. Weber, 394 Pa. 466, 147 A.2d 326 (Sup. Ct. 1959).
We therefore find that the State has delegated ample, adequate and complete control, regulation and supervision of beauty culture, including regulation and licensing of beauty shops, to the State Board of Beauty Culture Control, expressly reserving to municipalities only the regulation of opening and closing on Sunday, holidays and weekday hours. The State has pre-empted the field to the exclusion of municipal exercise of power of regulation or licensing in this field. We find from the broad, comprehensive scope of regulation and control provided in the Beauty Culture Control Act, from the qualifications of the members of the Board of Control laid down in the act and the special jurisdiction granted under the act for enforcement of the regulations, an expressed recognition by the Legislature that the public interest, health, safety and welfare requires centralized state control entrusted to a state board specially qualified to control the occupation and protect the public interest, transcending municipal lines and functioning on a state-wide level, uniformly protecting the industry and the patrons throughout the State.
A municipality is empowered, limited and controlled in the exercise of local government powers by the State *368 Legislature. A municipality has no powers of self-government except those constitutionally reserved or delegated by the Legislature. Jersey City v. Martin, 126 N.J.L. 353, 361 (E. & A. 1941); Wagner v. Mayor and Municipal Council of City of Newark, 24 N.J. 467, 474 (1957); Borough of Roselle v. Public Service Elec. & Gas Co., 35 N.J. 358 (1961). The broad grant of the police power to legislate in local matters affecting the public health, safety and welfare of its inhabitants under R.S. 40:48-2 and the liberal construction of such laws in favor of municipalities including express and necessarily implied powers inherent therein as mandated by Article IV, Section VII, paragraph 11, of the Constitution of 1947, have been strictly limited to matters of local concern necessary and proper for the good and welfare of local inhabitants and are not applicable to those matters involving state policy or in the realm of affairs of general public interest, Fred v. Mayor and Council of Borough of Old Tappan, 10 N.J. 515 (1952); Wagner v. Mayor and Municipal Council of City of Newark, supra; Roselle v. Public Service Elec. & Gas Co., supra. A municipality must yield to the predominant power of the State where by state enactment covering the subject the Legislature has manifested the public policy of the State, its intent and purpose to exercise exclusive jurisdiction in the field in the interests of the people of the State as a whole. Wagner v. Mayor and Municipal Council of City of Newark, supra; Roselle v. Public Service Elec. & Gas Co., supra.
It therefore follows that where the Legislature has by appropriate legislation assumed control of a state-wide occupation, industry or profession and all its functions under the police power in the public interest for the health, safety, security and protection of the customers, patrons or clients of such controlled and regulated enterprise, and delegated authority to a state board or agency to control, regulate and license the persons, entities and places so engaged, by such pre-emption of the field of activity encompassed by the enabling legislation, a municipality is precluded from exercise *369 of local control, regulation, or licensing, except to the extent expressly reserved by the Legislature to the municipality in the act or by statutory enactments in pari materia.
Dual licensing by a municipality and a state board of the same entities for the same functions or purposes would be inconsistent and in conflict with the primary exercise of such licensing power by the state board or agency expressly authorized to license such functions and places within the scope of the regulatory act without reservation. Wagner v. Mayor and Municipal Council of City of Newark, supra; Tagmire v. Atlantic City, 35 N.J. Super. 11 (App. Div. 1955).
Viewing the Beauty Culture Control Act as a whole, giving full effect to all the parts and considering acts in pari materia under the Municipalities Act, it must be presumed that the Legislature intended and did in fact pre-empt the field of beauty culture control, including licensing thereof, and therefore a municipality is precluded from exacting a municipal license for a beauty shop.
While the ordinance is invalid only as to the provisions relating to beauty shops, the provisions are not clearly severable but so integrated with the provisions relating to the licensing of barber shops, authorized under the Barber Act, N.J.S.A. 45:4-26 et seq., the entire ordinance must be held invalid.
An order may be entered accordingly.