85 N.J. Super. 523 (1964)
205 A.2d 340
FRANK COCULO, T/A FRANK AND JEAN OF OLDEN, NEW JERSEY MASTER HAIRDRESSERS AND COSMETOLOGISTS ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND TRENTON HAIRDRESSERS' ASSOCIATION OF MERCER COUNTY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
THE CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, AND THE BOARD OF BEAUTY CULTURE CONTROL AND ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1964.
Decided December 8, 1964.
*524 Before Judges CONFORD, KILKENNY and LEWIS.
Mrs. Linda Brenner Lengyel argued the cause for defendant-appellant (Mr. Robert R. Ross, attorney).
Mr. Mark E. Litowitz argued the cause for plaintiffs-respondents (Messrs. Montis & Litowitz, attorneys).
Mr. Irwin R. Rein, Deputy Attorney General, appeared for defendants-respondents (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
The City of Trenton appeals from a summary judgment of the Superior Court, Law Division, declaring invalid that part of the city's ordinance No. 504 which requires "beauty parlors and hair dressing establishments" to obtain a license from the city to carry on their business. The *525 judgment also ordered the city to repay to plaintiffs any fees paid to the city, pursuant to said ordinance, for the year 1963.
Plaintiffs challenged the validity of the ordinance in a declaratory judgment proceeding. N.J.S. 2A:16-50 et seq. The ordinance requires beauty parlors and hair dressing establishments  as well as certain other specified businesses and professions  to obtain a city license to carry on such a business and to pay a graduated annual license fee therefor, depending upon the number of operating chairs. The ordinance provides that the license fees are fixed "for the purpose of raising revenue and for regulation and control." The duty to inspect all places of business and to examine persons to ascertain whether or not such places of business and persons have proper and sufficient licenses, and the duty to enforce the ordinance are vested in the city police. Except for a general provision that licensees are required to comply with all laws of the State and all municipal ordinances, ordinance No. 504 contains no specific regulations or standards of its own.
The city argues that the trial court erred in granting summary judgment, alleging that issues of fact were presented both by plaintiffs and defendants which precluded a grant of summary judgment under R.R. 4:58. Reliance is placed on Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). True, genuine issues of fact will preclude a grant of summary judgment. However, there are no such issues of fact herein. Plaintiffs supported their motion with an affidavit by plaintiff Frank Coculo. The city submitted no answering affidavit and did not controvert the allegations of fact set forth in Coculo's affidavit.
The uncontradicted affidavit of plaintiff shows that he is a duly licensed beautician of the State of New Jersey, practicing his profession at 1110 North Olden Avenue, in Trenton. He is obligated to procure a license to practice beauty culture from the State of New Jersey. R.S. 45:4A-1 et seq. He and his place of business are not only licensed but are also subject to the rules and regulations of the State Board of Beauty Culture Control, which we have examined. Ordinance No. 504 of *526 the City of Trenton would obligate him to procure a city license to practice beauty culture at his place of business in the city, even though he is already licensed by the State to do so. None of these facts is in dispute.
The issue is simply one of law, viz., whether a municipality may require a person to obtain a municipal license to carry on a business or profession, without any special regulations or standards therefor, when that person holds a license from the State, or one of its agencies, issued pursuant to a specific controlling state law, to carry on such a business or profession. N.J.S.A. 40:52-1 expressly states that a municipality may not do so. After authorizing municipalities to adopt licensing ordinances covering sundry matters, the statute provides:
"Nothing in this chapter contained shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any department, board, commission, or other agency of the State" (Italics ours)
We regard that clear legislative limitation upon the municipal licensing power as dispositive of the sole legal issue herein.
The licensing, regulation and supervision of beauty parlors and hair dressing establishments have been placed by the Legislature under the jurisdiction of a state agency, namely, the State Board of Beauty Culture Control. R.S. 45:4A-1 et seq. Thus, the State has pre-empted the licensing, regulation and control of this field of operation to the exclusion of the municipal licensing power. N.J.S.A. 40:52-1. In accord, see Galante v. Teaneck Dept. of Health, 70 N.J. Super. 362, 367 (Law Div. 1961). The extent of the control exercised by the State Board over beauty parlors may be gleaned from a reading of the statute and the comprehensive rules and regulations of the State Board adopted pursuant to R.S. 45:4A-13 and 16, governing in great detail the operation of such establishments. State control over beauty parlors, as such, has been delegated to the municipalities only to the *527 limited extent that the local governing bodies may regulate the week-day business hours of such establishments and their opening and closing on Sundays and holidays. See N.J.S.A. 40:48-2.1.
The limitation upon the city's right to license a business or profession when a person holds a license from the State, or one of its boards or agencies, to carry on such a business or profession, does not render such a state licensee immune from other municipal ordinances statutorily authorized and duly adopted to promote the public health, safety, morals or welfare. The city conceded at the argument that it has such police power ordinances as fire, building and health codes, etc., enforcement of which will insure compliance with the law by operators of such establishments as that of plaintiff and thus protect the public interest. We hold only, as did the trial court, that the city may not require a license to operate a beauty parlor or hair dressing establishment in the city when the operator has a state license to do so from the State Board of Beauty Culture Control and is subject to the latter's regulations and control.
The city argues that its ordinance licenses only the premises while the State licenses the operator. We do not agree. The coverage of the State's statute and regulations extends to premises as well as persons. See Jantausch v. Verona, 24 N.J. 326, 333 (1957); N.J.S.A. 45:4A-5.1. The ordinance by its very terms applies to individuals conducting such establishments without obtaining the requisite licenses.
The Attorney General has filed a statement in lieu of a brief on behalf of himself and the State Board of Beauty Culture Control. He urges that the judgment of the Law Division is valid and correct and should be affirmed. We agree with that view.
The judgment is affirmed.