90 N.J. Super. 49 (1966)
216 A.2d 236
HAROLD MOGELEFSKY AND MARTIN A. BERMAN, PLAINTIFFS-APPELLANTS,
v.
IRA SCHOEM, MAYOR OF THE CITY OF CLIFTON, ET AL., DEFENDANTS-RESPONDENTS.
MARTIN A. BERMAN, PLAINTIFF-APPELLANT,
v.
IRA SCHOEM, MAYOR, ETC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1965.
Decided January 7, 1966.
*52 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Clive S. Cummis argued the cause for appellants (Messrs. Schiff, Cummis & Kent, attorneys; Mr. Michael B. Tischman and Mr. Steven S. Radin, on the brief).
Mr. Sam Monchak argued the cause for respondents.
Mr. Richard Newman, Deputy Attorney General, argued the cause for the State of New Jersey and the New Jersey Real Estate Commission (Mr. Arthur J. Sills, Attorney General of New Jersey, Amicus Curiae; Mr. Peter J. Schwartz, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiffs Mogelefsky and Berman appeal from a summary judgment entered by the Chancery Division, on motion of defendants, dismissing their complaint, in which they sought a judgment (1) declaring ordinance No. 24-30 of the City of Clifton to be null and void, and (2) enjoining the city and its police department from the enforcement of the provisions of said ordinance against plaintiffs.
The trial court ruled that the ordinance in question, which prohibits persons from soliciting or calling from house to house to sell or attempt to sell goods, or to take orders for services to be performed in the future, unless the solicitor has a written permit therefor from the chief of police, was a valid exercise of the municipal police power. It also held that the ordinance was applicable to plaintiffs, notwithstanding that they were duly licensed by the New Jersey Real Estate Commission as real estate salesmen and that among their licensed privileges, under N.J.S.A. 45:15-3, they were authorized to list properties for sale, offer or attempt to negotiate sales, and solicit for prospective purchasers. Injunctive relief was denied.
In the companion case plaintiff Berman appeals from a further summary judgment entered by the Chancery Division, on motion of defendants, dismissing his complaint, whereby he *53 similarly sought to enjoin defendants from enforcing the provisions of the aforesaid ordinance against him and, in effect, requested an order compelling the chief of police to issue a house to house solicitor's permit to him. His application for such a permit had been denied by the chief of police because of his previous violation of the ordinance.
The trial court iterated its previous holding that the ordinance was valid and was applicable to plaintiff, notwithstanding his being licensed by the Real Estate Commission as a real estate salesman. Injunctive relief was denied. The refusal of the chief of police to grant the permit for 1964 was held to be justifiable because of plaintiff's previous deliberate violation of the ordinance. The police policy was to deny an application for a canvasser's permit for any year during which the applicant violated the ordinance.
We ordered the appeals consolidated because both cases involved common issues.
The facts are not in dispute. Accordingly, it was appropriate to move for summary judgment. R.R. 4:58.
Plaintiffs were duly licensed real estate salesmen and were employed by J.I. Kislak, Inc., a licensed real estate broker. Both had applied for and obtained from the chief of police of Clifton canvassing permits for the year 1963, but they had not obtained one for the year 1964. On April 15, 1964 plaintiffs were going from house to house in Clifton soliciting the owners of the houses for a possible sale of their respective properties through their employer. They were arrested by the local police and charged with a violation of section 24-30 of the Revised Ordinances of Clifton. After complaints filed against them in the Municipal Court of Clifton by the chief of police for violation of the ordinance, they sought injunctive relief from the Chancery Division, as first noted above.
The municipal court complaints were held in abeyance pending disposition of the first suit in the Chancery Division. Judgment dismissing that suit was entered on June 22, 1964. Thereafter, on July 13, 1964, plaintiffs were convicted in the Clifton municipal court of violating the ordinance, by admittedly *54 soliciting from house to house properties to be sold by their employer, such solicitation having been indulged in without the permit required by the ordinance. Appeals from the municipal court convictions were taken to the Passaic County Court and we are advised that those appeals are still pending.
Section 24-30 provides:
"No person shall solicit or call from house to house in the city to sell or attempt to sell goods by sample or to take or attempt to take orders for the future delivery of goods, merchandise, wares or any other personal property of any nature whatsoever, or take or attempt to take orders for services to be furnished or performed in the future without having received a written permit therefor."
Any person desiring a permit must file, on a form to be supplied by the chief of police, an application stating his (1) name, (2) permanent home address, (3) name and address of his employer or firm represented, (4) place or places of residence for the preceding three years, (5) date on which he desires to commence canvassing or soliciting, (6) nature of merchandise to be sold or offered for sale, or the nature of the services to be furnished, and (7) whether or not the applicant has ever been convicted of "a crime, misdemeanor, or violation of any ordinance concerning canvassing or soliciting, and if so, when, where, and the nature of the offense." The application must be accompanied by a letter or other written statement from the employer, certifying that the applicant is authorized to act as the employer's representative.
Upon filing the application with the chief of police or officer in charge of police headquarters, a fee of $3 must be paid by the applicant to the city clerk for the use of the city to defray the cost of investigating, photographing, fingerprinting, processing and issuing the permit.
Section 24-33 of the ordinance provides, in part:
"The chief of police shall cause such investigation to be made of the applicant's business and moral character as he deems necessary for the protection of the public good. This investigation shall include the *55 photographing and fingerprinting of the applicant. If, as a result of such investigation, the applicant's character or business responsibility is found to be unsatisfactory, the chief of police shall endorse his disapproval and the reasons therefor on the application and the permit shall not issue. If, as a result of such investigation, the applicant's character and business responsibility is found to be satisfactory, the chief of police shall endorse his approval and execute a permit to be formally issued by the city clerk. * * *"
The permittee is required to carry the permit with him at all times while canvassing or soliciting, and to exhibit the same to any person upon request. Section 24-34 also provides:
"No canvassing or soliciting shall be done except between the hours of 9 o'clock in the forenoon and 5 o'clock in the afternoon, on each weekday."
The permit may be revoked for fraud in the application, fraud in carrying on his business as solicitor or canvasser, any violation of the ordinance, conviction of crime involving moral turpitude or any ordinance concerning soliciting or canvassing, or conducting the business in an unlawful manner, or in breach of the peace, or in such a way as to constitute "a menace to the health, safety or general welfare of the public." The penalty for a violation of the ordinance is a fine not exceeding $100, or imprisonment for a term not exceeding 30 days, or both.

I.
Plaintiffs do not contend that the ordinance in question is invalid per se. They raise no argument regarding the general police power of a municipality to regulate door-to-door soliciting and canvassing. N.J.S.A. 40:48-2. They acknowledge the correctness of the rationale for supporting local regulation of canvassers and solicitors, as expressed by Justice Hall in Moyant v. Paramus, 30 N.J. 528, 544 (1959), where he said on behalf of the Supreme Court in upholding generally the validity of this type of ordinance:
*56 "There can be no doubt that the business of soliciting and canvassing is a proper subject for regulation under the police power, as is peddling, and has been so considered for generations. The way in which the business is necessarily conducted opens the way for fraud, deceit and dishonest dealing by the unscrupulous, even though by only a minority of those engaged in it, with redress difficult or practically impossible since the solicitor is very frequently a stranger and quickly gone from the locality. Resort may also be easily had to the business by the criminally minded for the purpose of obtaining admittance to private homes in furtherance of some present or future unlawful object."

II.
Plaintiffs argue, however, that the ordinance cannot be validly applied to them because they have been licensed to act as real estate salesmen by the New Jersey Real Estate Commission and such a license includes the privilege of soliciting owners of properties and prospective purchasers. Their position is that the Real Estate Brokers and Salesmen Act, N.J.S.A. 45:15-1 et seq., evinces an intention on the part of the Legislature to pre-empt the entire field of real estate activities in this State, including specifically licensing requirements for all those who pursue such activities. From this they conclude that the Clifton ordinance, requiring an additional municipal permit to do what the State has authorized them to do, is invalid.
On the other hand, the city maintains that its ordinance does not superimpose upon the licensing requirements of the State some further municipal requirement for the privilege of carrying on one's business as a real estate salesman. The ordinance is admittedly not an exercise of the municipal licensing power, authorized by N.J.S.A. 40:52-1. The city recognizes that the state law has vested exclusively in the Real Estate Commission jurisdiction over the licensing and supervision of real estate brokers and salesmen to protect the public by insuring a certain degree of competency and trustworthiness in those privileged by the State to engage in this business. The city's position is that the Real Estate Brokers and Salesmen Act does not deprive it of its police powers to regulate the *57 activities of all persons in the interest of the public safety, health, morals and general welfare.
The municipal police power can be exercised only in those areas where regulation is needful for the common good, i.e., public health, safety, morals or general welfare, and then only by reasonable means substantially connected with the public interest designed to be advanced. Moyant v. Paramus, supra, 30 N.J., at p. 544. At the same time, a municipality may not require a person to obtain a municipal license or permit to carry on a business or profession, when that person holds a license from the State, or one of its agencies, issued pursuant to controlling State law, to carry on such business or profession. Coculo v. City of Trenton, 85 N.J. Super. 523 (App. Div. 1964). N.J.S.A. 40:52-1, conferring on municipal government the power to license, expressly provides:
"Nothing in this chapter contained shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any department, board, commission, or other agency of the state." (Emphasis added)
That same section expressly provides that municipalities may adopt ordinances to license and regulate auctioneers or real estate brokers engaged in selling at auction despite the fact that they might be licensed by the Real Estate Commission.
We pointed out in Coculo v. Trenton, supra:
"The limitation upon the city's right to license a business or profession when a person holds a license from the State, or one of its boards or agencies, to carry on such a business or profession, does not render such a state licensee immune from other municipal ordinances statutorily authorized and duly adopted to promote the public health, safety, morals or welfare." (85 N.J. Super., at p. 527)
The issue in this case is not the right of the municipality to exercise its police powers even as to those licensed by the State to carry on a business. For example, no one would question the city's right to regulate the parking of automobiles on *58 the public streets, including those of licensed real estate salesmen, or to prohibit the construction and use by such licensees of a real estate office building in violation of the local zoning ordinance or building code. Rather, the issue in this particular case is whether the local ordinance diminishes or takes away the privileges granted to the licensee by the State.
In State v. Stockl, 85 N.J. Super. 591 (Law Div. 1964), Judge Pascoe held an ordinance similar to that herein invalid, so far as it was sought to be made applicable to real estate brokers and salesmen licensed pursuant to State law. The reason assigned was that the State has pre-empted the control, regulation and supervision of real estate brokers and salesmen to the exclusion of the municipal exercise of power or regulation. (at p. 599)
The ordinance in issue presents a means of (a) identifying solicitors, who may be strangers in the community, for present and future reference; (b) determining their purpose for being there, and (c) establishing on the local level whether their character and business responsibility are such that they are sufficiently reputable to enter the homes of local residents. It is in this third respect that the municipality improperly asserts a power to prevent soliciting by real estate salesmen, even though the Real Estate Commission has determined their fitness to do so and has issued its license attesting thereto. That license carries with it authority to solicit lists of properties for sale and prospective purchasers thereof. True, the state license does not prescribe the method of solicitation, but, at the same time, the privilege is not made subject to local control.
Issuance of the state license requires evidence of good moral character. N.J.S.A. 45:15-9. Retention of the license entails business responsibility. N.J.S.A. 45:15-17, 19.1 and 19.2. Enjoyment of the license includes, inter alia, the privilege of soliciting real estate business. N.J.S.A. 45:15-3. Possession of the license entitles the licensee to perform "all of the acts contemplated" by the Real Estate Brokers and Salesmen Act "during the period for which the license is *59 issued, without payment of any fee other than the annual fee for such license." N.J.S.A. 45:15-15.
The ordinance in question infringes upon the statutory rights of licensed real estate salesmen. It prohibits one method of their soliciting real estate business, namely, house to house canvassing, if the local chief of police finds that their moral character or business responsibility is "unsatisfactory." Thus, the chief of police can veto or nullify, in part, one of the business activities of a real estate salesman, even though the Real Estate Commission, with its exclusive power to issue and revoke licenses to brokers and salesmen, is satisfied as to the good moral character and business responsibility of the licensees. Also, the local ordinance exacts a fee, albeit rather nominal, despite the statutory provision noted above, that all acts contemplated to be performed under the act may be done by a licensee, "without payment of any fee other than the annual fee for such license." In these respects, we find that the Clifton ordinance is invalid, as applied to these plaintiffs, trespassing as it does in a substantial measure upon a field pre-empted by the State.
We are not unmindful of the salutary purposes of a local police regulation which would control in a reasonable manner, not in conflict with constitutional or statutory rights, house to house solicitation of business, usually by strangers to the local residents. Moyant v. Paramus recites those purposes in clear language, in upholding the basic police power of a municipality to regulate canvassing and soliciting in this manner. Thus, we would find validity in that part of the ordinance which limits house to house solicitation of business to the hours of 9 A.M. to 5 P.M., even in its application to real estate salesmen.
We are not deciding that a valid ordinance may not be adopted which would require all house to house solicitors for business, including real estate salesmen, to apply for and carry with them, while soliciting, an identification card or permit issued by the local police. However, in the case of licensed real estate brokers or salesmen, no fee may be required *60 therefor and the identification card or permit must be issued without the requisite of fingerprinting or other qualifying test beyond establishing that they are licensed brokers or salesmen. Such a police identification card would achieve the objectives of this ordinance without interfering with the statutory rights of the licensees. However, no particular ordinance with such provisions is before us and we do not now definitely pass on such a situation until an actual case is presented.

III.
In view of our holding that the Clifton ordinance is invalid, as applied to these plaintiffs, insofar as it requires them to qualify to the satisfaction of the chief of police before being permitted to pursue fully one of their licensed business activities, it becomes unnecessary to decide whether the chief of police properly denied Berman's application for a permit during the year in which he violated the ordinance. Moreover, the year in question, 1964, has long since expired, so that issuance of a license for that year is now moot.
The summary judgments of the Chancery Division in favor of defendants and dismissing the complaints are reversed. The matters are remanded for the entry of an order enjoining defendants from enforcing the provisions of the ordinance as to plaintiffs as licensed real estate salesmen, except as to the ordinance requirement that "no canvassing or soliciting shall be done except between the hours of 9 o'clock in the forenoon and 5 o'clock in the afternoon, on each weekday." No costs.